(Pleito No. 113.—Fallado el 1 de Marzo de 1901.)

## Díaz contra Guerra.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

1.—Jueces. Cuando un Juez ha votado á favor de una sentencia y se niega luego á firmarla, tal proceder no tiene justificación, pudiendo entonces firmarla por él el Presidente del Tribunal.

2.—Sentencia. En la tramitación de los interdictos de obra nueva no es necesaria la citación para dictar sentencia, y puede prorrogarse el término de tres días.

3.—Recusación. La recusación de un Juez del Tribunal por parcialidad ha de ser establecida por los que sean partes legítimas en el pleito y los abogados defensores no lo son en su representación personal. Además, ha de ser establecida en cada caso particular y concreto, y no en términos generales.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á primero de Marzo de mil novecientos uno, en el pleito iniciado en el extinguido Juzgado de 1ª Instancia de San Francisco, de esta Capital, y seguido después en el Tribunal del Distrito de San Juan por Don Acisclo Díaz Valcárcel, propietario y vecino del pueblo de Río Piedras, con Don Mauricio y Don Arturo Guerra, vecinos ambos de esta Ciudad, Notario el primero y el segundo Ingeniero Civil y propietario, sobre interdicto de obra nueva; pendiente ante Nos en virtud del recurso de casación por quebrantamiento de forma, interpuesto por el demandante, defendido por el Licenciado Don Rafael López Landrón, habiéndolo sido los demandados por el Letrado Don Hilario Cuevillas y Hernández.—Resultando: Que, interpuesta demanda de interdicto de obra nueva, en veinte y siete de Febrero de mil ochocientos noventa y nueve, ante el extinguido Juzgado de 1ª Instancia de San Francisco, de esta Capital, por Don Acisclo Díaz Valcárcel contra Don Mauricio Guerra Mondragón, para que se decretara la suspensión de la obra de una casa que estaba construyendo el demandado, en la calle del Sol, del pueblo de Río Piedras, y con la cual le ocupaba

parte del solar contiguo, de la propiedad del demandante, que venía poseyendo hacía años, admitida la demanda, y decretada provisionalmente la suspensión de la obra, se convocó á las partes al juicio verbal que previene el artículo 1,661 de la Ley de Enjuiciamiento Civil, y celebrado el acto con asistencia del demandante Don Acisclo Díaz, acompañado de su Abogado defensor el Licenciado Don Rafael López Landrón y de Don Arturo Guerra y Acosta, como condueño y director de la obra denunciada, oídas las partes y propuestas las pruebas que cada una estimó pertinentes á su derecho, se declaró terminado el juicio, en cuyo estado el Juez de 1ª Instancia de la Catedral al que habían pasado los autos por haberse inhibido de su conocimiento el de San Francisco y el Juez municipal y suplente del propio Juzgado, sin resolver previamente nada sobre las pruebas propuestas en el juicio verbal, dictó auto para mejor proveer en diez y ocho de Abril del mismo año, mandando se practicara una inspección ocular de la obra, con asistencia de Don Tulio Larrínaga, á quién se designaba como perito, é interpuestos y denegados sucesivamente los recursos de reposición y apelación establecidos contra el referido provisto, por el demandante Don Acisclo Díaz, practicada la inspección ocular decretada, se dictó sentencia por el mismo Juez de Catedral en veinte de Mayo siguiente, ratificándose la suspensión de la obra y declarándose con lugar la demanda de interdicto, sin especial condenación de costas.—Resultando : Que contra esta sentencia interpusieron apelación Don Mauricio y Don Arturo Guerra, que les fué admitida, y elevados los autos á la extinguida Corte Suprema de Justicia, personadas las partes y sustanciada la apelación, se pasaron los autos á la representación de los apelantes, para instrucción, y devueltos por ésta con la manifestación de quedar instruído el Abogado defensor, promovió artículo de previo y especial pronunciamiento, en conformidad con los artículos 858 y 892 de la Ley de Enjuiciamiento Civil, para que se declarara nula la referida sentencia y se repusieran las actuaciones al

estado que tenían cuando se dictó, practicándose las prue-
bas ofrecidas por las partes en el acto del juicio verbal; y
sustanciado el artículo con la audiencia y conformidad de la
parte apelada, el Tribunal del Distrito de San Juan, á cuyo
conocimiento habían ya pasado los autos, dictó sentencia en
trece de Marzo del año siguiente, por la que, declarando con
lugar el incidente, repuso las actuaciones al estado que
tenían en veinte de Mayo del año anterior, ó sea, antes de
dictarse la sentencia que declaró con lugar el interdicto,
recibiendo el juicio á prueba y admitiendo las propuestas
por la representación de los promoventes, para lo cual se
libraran las cartas-órdenes necesarias, y comisionándose al
Juez municipal de Río Piedras para la práctica de la prueba
testifical propuesta.—Resultando: Que, practicadas las pro-
puestas y agregadas á los autos, dispuso el Tribunal por
providencia de veinte y siete de Agosto del mismo año, de
conformidad con el artículo 1,666 de la Ley de Enjuicia-
miento Civil, que se trajeran los autos á la vista para
sentencia, con citación de las partes, dentro del término
improrrogable de tercero día, y citadas las partes el mismo
día veinte y siete, con entrega de las cédulas correspondientes,
á solicitud de los apelantes se señaló día para la vista, en
cuyo acto, al que asistieron y en el que informaron los
abogados defensores de las partes, se señaló día para la vota-
ción pública de la sentencia, quedando citadas las partes
para dicho acto, y suscribiendo la diligencia el Presidente y
Jueces Asociados del Tribunal, los abogados defensores de las
partes y el Secretario; sin formularse, antes ni después de la
vista, protesta ni reclamación alguna por la representación
del recurrente.—Resultando: Que llegado el día señalado
para la votación de la sentencia, constituído el Tribunal del
Distrito de San Juan, con asistencia del Juez Presidente
del mismo Don Juan Ramón Ramos y de los Jueces Asocia-
dos Don Angel Acosta y Quintero y Don Felipe Cuchí
y Arnau, verificada la votación, quedó acordada la sentencia
por mayoría de votos de los dos primeros, declarándose sin

lugar el interdicto, con las costas al actor, votando en contra el otro Juez asociado Sr. Cuchí, y extendida y firmada la sentencia por el Presidente y el referido Juez asociado, de conformidad con lo acordado por la mayoría, como transcurrieron varios días sin que la firmara el otro Juez asociado Sr. Acosta, no obstante haber sido invitado al efecto por el Secretario del Tribunal, á pretexto de que había llegado á su conocimiento que, con motivo de estos autos, se había formalizado una querella criminal, por lo que entendía que debía abstenerse de intervenir en ello y debían permanecer en el mismo estado en que se encontraban, dispuso el Presidente del Tribunal se le requiriese de nuevo para que autorizara la sentencia, apercibido de lo que hubiere lugar; y como tampoco lo verificara y pretendiera se le entregaran los autos nuevamente para examinarlos y ver si podía ó no prestar conformidad con la redacción de la sentencia, acordó entonces el Presidente Sr. Ramos firmarla por él, como lo verificó, bajo la fórmula: "El Juez Asociado Sr. Acosta votó en Sala y no quiso firmar," procediéndose después á la publicación de la sentencia y á su notificación á los representantes de las partes interesadas.—Resultando: Que contra esta sentencia interpuso el Abogado Don Rafael López Landrón, á nombre de Don Acisclo Díaz Varcárcel, recurso de casación por quebrantamiento de forma y simultáneamente por infracción de ley, fundando el primero en las causas 4ª, 8ª y 7ª respectivamente del artículo 1,691 de la Ley de Enjuiciamiento Civil, y alegando, en cuanto á la primera, ó sea, á la falta de citación para sentencia, que habiendo transcurrido sin efecto los tres días improrrogables de la primera citación, se había dictado la sentencia sin ser citadas nuevamente las partes, lo que constituía un defecto de nulidad, cuya subsanación no había podido reclamar por no haberlo advertido hasta después de notificada la sentencia.—En cuanto á la segunda, ó sea, por haberse dictado la sentencia por menor número de Jueces que el señalado por la ley, porque habiendo sido tres los Jueces que habían

concurrido á la votación de .la sentencia, no aparecía ésta firmada más que por dos, notándose la falta de firma del Juez Asociado Sr. Acosta, que se había negado á autorizarla, y sin embargo aparecía firmándola por él, con absoluta incompetencia, el Presidente del Tribunal Sr. Ramos.    Y en cuanto á la tercera, ó sea, por haber concurrido á dictar sentencia dos Jueces cuya recusación, fundada en causa legal é intentada en tiempo y forma, le había sido denegada, porque habiendo recusado al Presidente del Tribunal Sr. Ramos y al Juez Asociado Sr. Cuchí, por tenerlos acusados ante este Tribunal Supremo por el delito de prevaricación, no se habían separado del conocimiento de los autos y habían continuado interviniendo en ellos, hasta el punto de firmarse la sentencia por el Presidente á nombre del Juez Asociado Sr. Acosta, que reiteradamente se había negado á suscribirla.—Resultando:   Que admitido el recurso por el Tribunal de Distrito de San Juan, y ordenándose por el mismo que se remitieran los autos originales á esta Superioridad, con inclusión del escrito de recusación de que se había hecho mérito al interponer el recurso y que corría por separado, agregado dicho escrito, aparece de él que en veinte y dos de Octubre del año próximo pasado el Abogado Don Rafael López Landrón, á nombre de todos los clientes que le habían confiado la representación y defensa de sus asuntos ante el expresado Tribunal, presentó al mismo el escrito de que se trata, recusando al Presidente Sr. Ramos y al Juez Asociado Don Felipe Cuchí, para que se abstuvieran de. conocer en todos los asuntos en que tuviere intervención el referido Letrado, por haberlos acusado ante este Tribunal Supremo á nombre de uno de sus clientes, por el delito de prevaricación, como lo acreditaba con la copia certificada que acompañaba de la querella que había presentado ante este Tribunal, en trece del mismo mes de Octubre y su nota de presentación, suscrita por el Secretario del referido Tribunal, y además por interés indirecto en el resultado de dichos asuntos, dada la enemistad manifiesta de dichos Jueces con

el Abogado recurrente, causas ambas muy legítimas de
recusación, comprendidas en los números 3º y 10 del artículo
189 de la Ley de Enjuiciamiento Civil, á cuyo escrito recayó
la providencia: "Venga en forma y se proveerá"; y que
pedida reposición de ella por el Letrado defensor Sr. López
Landrón, le fué denegada por auto de veinte y cuatro del
mismo mes de Octubre, que le fué notificado dos días
después.—Resultando: Que elevados los autos á esta Supe-
rioridad, y personadas las partes se ha sustanciado el recurso
por quebrantamiento de forma, y celebrada la vista, sostuvo
en el acto el recurso el Abogado defensor de la parte recu-
rrente impugnándolo el de la contraria. Siendo Ponente el
Presidente del Tribunal Don José S. Quiñones.—Conside-
rando: Que si bien la falta de citación para sentencia defi-
nitiva en cualquiera de las instancias, es una de las causas
comprendidas en el caso 4º del artículo 1,691 de la Ley de
Enjuiciamiento Civil que dan lugar á la casación de las sen-
tencias, por quebrantamiento de las formas esenciales del
juicio, este motivo de casación no es aplicable en el presente
caso, tanto porque la Ley procesal que fija la tramitación de
los interdictos, que es la antigua Ley de Enjuiciamiento
Civil, no requiere aquella formalidad para dictar sentencia
en los interdictos de obra nueva, cuanto porque, aunque así
no fuera, siempre resultaría cumplida dicha formalidad con
exceso en el caso que motiva el presente recurso, puesto que,
además de haber sido citadas las partes para sentencia, con
entrega de la cédula correspondiente, en cumplimiento de la
providencia de veinte y siete de Agosto del año próximo
pasado, que así lo dispuso, y cuya citación no quedó invali-
dada, como supone el recurrente, por haber transcurrido sin
efecto los tres días improrrogables que se señalaron para
dictar sentencia, con manifiesto error en la aplicación del
artículo 1,666 de la citada Ley procesal, que al disponer se
dicte la sentencia en el interdicto de obra nueva dentro de
los tres días siguientes á la celebración del juicio verbal,
no fija aquel término con la calidad de improrrogable;

resulta, á mayor abundamiento, que fueron citadas las partes por segunda vez para la votación pública de la sentencia, formalidad que, según la reforma introducida en el procedimiento civil, por la Orden General número 118, ha venido á sustituir á la diligencia de citación, anterior á la vista, que la antigua ley procesal prescribía en algunos casos bajo pena de nulidad, y con la circunstancia de que ni antes ni después de la votación se pidiera por el recurrente la subsanación de la falta, caso de haberse cometido, como pudo y debió hacerlo, con arreglo al artículo 1,694 de la misma Ley de Enjuiciamiento Civil, para que pudiera ser admitido el recurso por el expresado defecto.—Considerando, respecto del segundo motivo del recurso: Que habiéndose verificado la votación pública de la sentencia por los tres Jueces que componían el Tribunal del Distrito de San Juan, y acordándose el fallo por mayoría de votos, es evidente que la sentencia fué dictada por el número de Jueces necesario para dictarla, con arreglo al artículo 65 de la Orden General número 118, que constituye la ley vigente en la materia, y que si bien no aparece firmada por el Juez Asociado Sr. Acosta, que contribuyó con su voto á formar la mayoría, lo hizo por él el Presidente del Tribunal, en uso de las atribuciones que le competían, con arreglo al artículo 365 de la misma Ley de Enjuiciamiento Civil, que si bien se refiere á otros casos distintos, era de necesaria aplicación en el presente, toda vez que ni podía dejarse de firmar la sentencia una vez que había sido votada y acordada, ni el Presidente del Tribunal podía disponer de otros medios legales para salvar el conflicto provocado por la persistente negativa del Juez Asociado Sr. Acosta á firmar la sentencia, con grave daño para la administración de Justicia y manifiesto perjuicio de las partes interesadas; y cuando, por otra parte, tampoco aparecía justificada por ningún concepto la negativa de dicho Juez Asociado, puesto que desde el momento en que concurrió á la votación y emitió su voto libremente, sin formular protesta alguna, estaba en el deber

ineludible de firmar la sentencia, estando extendida de conformidad con lo acordado por la mayoría y cuando había sido ya aprobada y firmada por los otros dos Jueces del Tribunal, y habían transcurrido tantos días durante los cuales había tenido tiempo más que suficiente para examinarla á su satisfacción, y hacer sobre ella las observaciones que le hubieran parecido pertinentes.—Considerando, respecto del tercero y último motivo del recurso: Que para que la casación proceda, fundada en la causa 7ª del artículo 1,691 de la Ley de Enjuiciamiento Civil, es requisito indispensable, como lo previene terminantemente el mismo artículo, en el párrafo citado, que la recusación hubiese sido intentada en tiempo y forma, y que hubiere sido denegada siendo procedente, circunstancias que no han concurrido en el presente caso, toda vez que ni la recusación fué intentada en tiempo, sino antes al contrario, cuando ya no podía ser admitida, con arreglo al artículo 193 de la misma Ley de Enjuiciamiento, según el que en ningún caso podrá hacerse la recusación después de citadas las partes para sentencia, en primera instancia, y en el presente caso resulta que lo fué, no sólo después de citadas las partes para sentencia, sino cuando ya estaba votada y acordada, es decir, cuando ya el remedio de la recusación que la ley concede á los litigantes para asegurarse de la imparcialidad de los Jueces, era completamente ineficaz, puesto que la sentencia ya estaba acordada; ni lo fué tampoco en la manera y forma que exige la ley, puesto que no es la forma que la ley requiere para establecer esa clase de recursos, la que puso en práctica el abogado defensor del recurrente Don Acisclo Díaz, de recusar en su propio nombre al Presidente y uno de los Jueces Asociados del Tribunal para que se abstuvieran de conocer en todos los asuntos en que tuviera intervención el referido Letrado, toda vez que la recusación ha de ser establecida en cada caso particular y concreto, y no en términos generales, como lo verificó, y ha de ser establecida además, por los que sean partes legítimas en el pleito, y los

abogados defensores no lo son, en su representación personal, por cuyos motivos le fué bien denegada la admisión del escrito interponiendo la recusación intentada.— Considerando; Que por todas las razones expuestas no es de admitirse ninguno de los motivos de casación por quebrantamiento de forma, que se citan como fundamentos del recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma, interpuesto por la representación de Don Acisclo Díaz Valcárcel, á quien condenamos en las costas; y publicada y notificada que sea esta sentencia, dése cuenta con los autos para proveer lo que proceda sobre el recurso de casación por infracción de ley, interpuesto simultáneamente por la representación de Don Acisclo Díaz; y lo acordado.— Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico, á primero de Marzo de mil novecientos uno.—E. de J. López Gaztambide, *Secretario.*